IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN RESOURCES INSURANCE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 07-0035-WS-M ) |
| THE EVOLENO COMPANY, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Remand (doc. 5), with incorporated memorandum of law. None of the remaining defendants in this case have appeared, nor has proof of service been submitted as to any of them; therefore, no constructive purpose would be served by entering a briefing schedule. For that reason, the Motion to Remand is taken under submission at this time.

**I.     Background.**

In an Order (doc. 4) dated February 8, 2007, the undersigned noted the unusual procedural posture of this action. At the risk of redundancy, the court file reflects that plaintiff American Resources Insurance Company ("ARIC") brought this action in Mobile County Circuit Court on November 21, 2006, against seven named defendants, to-wit: The Evoleno Company, LLC; Susan Marino; Jay Turek; Robert Vetkoetter; Ultimate Warranty Corporation; John Patrick; and Capital Assurance Risk Retention Group. On January 12, 2007, Capital Assurance removed this action to federal court, pursuant to 28 U.S.C. §§ 1332 and 1441. The Notice of Removal (doc. 1) reflects that none of the other six defendants had been served with process, and none of those defendants joined in or consented to the removal. A week after removal, plaintiff ARIC filed a Motion to Dismiss (doc. 2) its claims against Capital Assurance (the removing defendant), Ultimate Warranty and John Patrick without prejudice. The Motion was granted via Order (doc. 3) dated January 19, 2007. To date, the proof of service required by Rule 4(*l*), Fed.R.Civ.P., and Local Rule 4.1(a) has not been filed with respect to any defendant, and none of

the four remaining defendants (Evoleno, Marino, Turek or Vetkoetter) in this action have appeared or otherwise defended the claims against them.

ARIC now requests that this action be remanded to the Circuit Court of Mobile County, Alabama because federal subject matter jurisdiction is wanting.

## II.     Analysis.

### A.     *Legal Standard for Remand.*

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1333 (11th Cir. 1998) (expressing preference for remand where removal jurisdiction is not absolutely clear); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (uncertainties regarding removal are resolved in favor of remand); *Newman v. Spectrum Stores, Inc.*, 109 F. Supp.2d 1342, 1345  (M.D. Ala. 2000) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

There being no federal question presented in the Complaint, defendant Capital Assurance predicated removal on diversity of citizenship. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.*; *see Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Section 1332 demands complete diversity, such that no plaintiff may be a citizen of the same state as any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002); *Triggs*, 154 F.3d at 1287.

### B.     *Removal was Proper.*

In its Motion, ARIC asserts that remand is warranted because federal subject matter

jurisdiction is lacking. By way of explanation, ARIC maintains that "this Court lost subject matter jurisdiction when the removing Defendant CARRG was dismissed." (Motion, at 2.) Elsewhere in its brief, ARIC points out that the removing party has been dismissed and the remaining defendants neither removed the case nor consented to removal. Because "[t]he presence of the party removing the case is now absent," ARIC reasons, "there is no basis for federal jurisdiction and this case is due to be remanded." (*Id.* at 4.) The Court disagrees.

> 1. *Capital Assurance's Dismissal is Jurisdictionally Irrelevant.*

ARIC's position conflicts with the general legal principle that "if a district court has subject matter jurisdiction over a diversity action at the time of removal, subsequent acts do not divest the court of its jurisdiction over the action." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002); *see also Leonard*, 279 F.3d at 972 ("for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal"); *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001) ("For purposes of considering the specific jurisdictional question before us, we consider only the original complaint, however, because the question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal."); *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1289 (11th Cir. 2000) (reaffirming general principle that removal is critical jurisdictional juncture and that if court has jurisdiction at time of removal, such jurisdiction is unaffected by subsequent events); *Burns*, 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*.").[1]

In removing this action to federal court on January 12, 2007, Capital Assurance maintained that subject matter jurisdiction was conferred by 28 U.S.C. § 1332, inasmuch as there was complete diversity of citizenship between all properly joined parties of interest, and the amount in controversy exceeded the sum of $75,000, exclusive of interest and costs. In its

---

[1] To be sure, there are several narrow exceptions to this proposition. For example, pursuant to 28 U.S.C. § 1447(e), diversity jurisdiction may be destroyed post-removal if the plaintiff is permitted to join new defendants of non-diverse citizenship. *See Herring v. Beasley*, 2005 WL 1475304, *6 n.8 (S.D. Ala. June 21, 2005). Similarly, the failure to join indispensable parties may divest a district court of jurisdiction. *See Poore*, 218 F.3d at 1291 n.2. None of these existing limited exceptions are present here, and ARIC does not contend otherwise, but instead asks the undersigned to fashion a brand-new exception to the general rule.

Motion to Remand, plaintiff does not suggest that either of those § 1332 jurisdictional prerequisites was not satisfied as of January 12, 2007.  Stated differently, there is no dispute (and no reason to doubt, based on the undersigned's review of the court file) that diversity jurisdiction properly existed as of the date of removal.  Accordingly, under the authorities cited above, whether Capital Assurance remained in the case after the date of removal, or whether other events conspired to undermine those diversity prerequisites post-removal is of no jurisdictional consequence.[2]

Even if post-removal occurrences could be considered for jurisdictional purposes, plaintiff's argument that the departure of Capital Assurance strips this Court of subject matter jurisdiction is devoid of merit.  Section 1332 jurisdiction exists in this case today, even without Capital Assurance's presence.  There is no dispute that the plaintiff is of diverse citizenship from all remaining defendants.  And there appears to be no basis for any finding that the amount in controversy has dipped below the $75,000 threshold.  Thus, even if the operative jurisdictional time frame were today, rather than the date of removal, diversity jurisdiction plainly lies.  Plaintiff's argument to the contrary is hard to follow, but plaintiff's position is apparently that the citizenship of the remaining defendants should not be considered because none of them have

---

[2] The authorities on which plaintiff relies are readily distinguishable.  Plaintiff cites *Housing Authority of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268 (5th Cir. 1973), and *Armstrong v. Alabama Power Co.*, 667 F.2d 1385 (11th Cir. 1982), for the proposition that the post-removal dismissal of a defendant may require remand.  In *Millwood*, the sole basis for removal jurisdiction was the presence of the U.S. Department of Housing and Urban Development ("HUD") in the lawsuit.  When HUD was deemed never to have been made a proper party to the litigation, federal subject matter jurisdiction evaporated.  Similarly, in *Armstrong*, the sole basis for removal jurisdiction was the presence of the United States in the lawsuit.  When the *Armstrong* court concluded that the United States had never been properly joined, there was no basis for federal jurisdiction, and the case was remanded.  In both *Millwood* and *Armstrong*, then, the courts found that there was never federal jurisdiction over those removed proceedings because the federal defendants on whom removal jurisdiction hinged had not actually been joined in the underlying state court lawsuits.  These cases do not find that post-removal events divested a court of existing federal subject matter jurisdiction; rather, they conclude that jurisdiction never existed because those federal defendants had never properly been part of the litigation.  Here, by contrast, diversity jurisdiction lies whether or not Capital Assurance is a party to this action.  With or without Capital Assurance's presence, there was complete diversity of citizenship and the jurisdictional amount in controversy was satisfied as of the date of removal, and (although not required) those criteria remain satisfied today.

been served, such that they are not really defendants in this case.  (Plaintiff's Brief, at 3.)  If the remaining defendants are stripped of defendant status because they have not been served, plaintiff's reasoning goes, then there can be no diversity of citizenship among the parties because there are no defendants.  This tortured logic is irreconcilable with black-letter law of removal jurisdiction.  In particular, it is beyond cavil that "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."  *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998); *see also Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal"); *Beritiech v. Metropolitan Life Ins. Co.*, 881 F. Supp. 557, 560 (S.D. Ala. 1995) ("a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service").  The remaining defendants must be "counted" for jurisdictional purposes, and plaintiff's failure to serve them with process is jurisdictionally irrelevant.  There was and is complete diversity of citizenship for § 1332 purposes.

                2.       *There was No Violation of the Unanimity Requirement.*

Plaintiff also alludes to a purported infirmity in the removal process by asserting that remand is proper because the remaining defendants never consented to removal.  (Plaintiff's Brief, at 3-4.)  This argument fails for two reasons.  First, any lack of unanimity in removal by defendants is a procedural, not a jurisdictional, defect.  *See Hernandez v. Seminole County, Fla.*, 334 F.3d 1233, 1237 (11th Cir. 2003) ("The failure to join all defendants in the petition is a defect in the removal procedure.").  By statute, a motion to remand based on a defect in removal procedure "must be made within 30 days after the filing of the notice of removal."  28 U.S.C. § 1447(c).  This action was removed on January 12, 2007, but plaintiff's Motion to Remand was not filed until 32 days later, on February 13, 2007.  Any procedural defect in removal has therefore been waived, and plaintiff's objection is untimely.

Second, even if this objection were properly raised now, it is meritless.  "The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal."  *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001);

*see Gordon v. Acrocrete, Inc.*, 400 F. Supp.2d 1310, 1311 n.1 (S.D. Ala. 2005) (similar). The law is clear, however, that "a defendant that has not been served with process need not join in or consent to removal." *GMFS, L.L.C. v. Bounds*, 275 F. Supp.2d 1350, 1354 (S.D. Ala. 2003).[3] Plaintiff does not contend that any of the four remaining defendants had been served with process as of the date of removal, and the evidence is to the contrary. As such, it was not necessary for any of those defendants to join in or consent to removal. The Court therefore rejects plaintiff's assertion that remand is required or warranted because none of the remaining, unserved defendants had consented to removal.

## III.   Conclusion.

The Court appreciates plaintiff's frustration at being stranded in federal court, against its wishes, in a case in which no remaining defendant requested or consented to removal. But the undersigned's empathy for plaintiff's predicament does not authorize it to refashion the law of subject matter jurisdiction or to seize on a procedural defect that does not exist. There was unquestionably diversity jurisdiction over this case as of the date of removal, and such jurisdiction unquestionably remains today. There was no violation of the unanimity requirement in the removal process, and even if there were, plaintiff was dilatory on raising that procedural objection.

For all of these reasons, the Court finds it clear that this action was properly removed to

---

[3] *See also Frankston v. Denniston*, 376 F. Supp.2d 35, 38 (D. Mass. 2005) ("As a general matter, in cases involving multiple defendants, all defendants who have been served must join or assent in the removal petition."); *Cramer v. Devera Management Corp.*, 2004 WL 1179375, *2 (D. Kan. May 27, 2004) ("It is well settled, though, that a defendant who has not been served need not join in or consent to removal."); *White v. Bombardier Corp.*, 313 F. Supp.2d 1295, 1299 (N.D. Fla. 2004) (removing defendant need not obtain consent from a defendant who has not been served with process); *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp.2d 1260, 1264 (D. Or. 2001) (unserved defendants need not join in removal petition); *Varela v. Flintlock Const., Inc.*, 148 F. Supp.2d 297 (S.D.N.Y. 2001) (no unanimity requirement for defendants not yet served at the time of removal); *Johnson v. Scimed, Inc.*, 92 F. Supp.2d 587, 589 (W.D. La. 2000) ("only those defendants who are properly joined and served must join in the notice of removal"); *Fuller v. Exxon Corp.*, 78 F. Supp.2d 1289, 1293 n.6 (S.D. Ala. 1999) (explaining that defendant need not join in removal if it had not been served with process at time of removal); *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508 n.4 (E.D. Va. 1992) (defendant need not join in removal petition if it had not been served with process when petition was filed).

federal court and that federal jurisdiction properly lies. Plaintiff may have alternatives for dismissing and refiling this action in state court, but remand is not available to it. Federal jurisdiction may be narrowly circumscribed, but these circumstances do not permit the Court to shirk subject matter jurisdiction that so clearly exists. Accordingly, the Motion to Remand (doc. 5) is **denied**.

DONE and ORDERED this 21st day of February, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE