IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN RESOURCES INSURANCE COMPANY, INC.,** ) ) **Plaintiff,** ) ) v. ) ) **THE EVOLENO COMPANY, LLC, et al.,** ) ) **Defendants.** ) | CIVIL ACTION 07-0035-WS-M |

**ORDER**

This matter is before the Court on the motions of defendant The Evoleno Company ("Evoleno") and Susan Marino to compel arbitration and stay proceedings. (Docs. 28, 31). The plaintiff has filed a response and the movants a reply, (Docs. 41, 43), and the motions are ripe for resolution.

In September 2005, Evoleno entered two Exclusive Marketing Agreements ("the Agreements"). The other contracting party under one Agreement was ARIC Investment, Inc.; under the other Agreement, it was AR Holding, Inc. (Doc. 31, Exhibits A, B). The Agreements include identical arbitration clauses providing in pertinent part as follows:

> The parties agree that any claim or dispute between or among them or against any agent, employee, successor, or assign of the other, whether related to this Agreement nor otherwise, and any claim or dispute related to or arising under this Agreement or the relationship or duties contemplated under this Agreement, including the validity of this arbitration clause, shall be resolved by binding and mandatory arbitration ....

(*Id.* at 10, ¶ 16.1).

The plaintiff asserts three reasons that the arbitration clause does not govern here: (1) the movants waived the right to demand arbitration by participating in this lawsuit, (Doc. 41 at 3-7); (2) the plaintiff is not a signatory to the Agreement, (*id.* at 9-12); and (3) the arbitration clause does not reach disputes of the kind represented by this lawsuit. (*Id.*

at 7-13).  The Court finds the second argument controlling, obviating discussion of the others.

"In the absence of an agreement to arbitrate, a court cannot compel the parties to settle their dispute in an arbitral forum."  *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).  Thus, "no party can be compelled to arbitrate unless *that party* has entered into an agreement to do so."  *Employers Insurance v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001) (emphasis added).  Here, the plaintiff did not enter the Agreements and so did not agree to arbitration.

The movants gloss over this difficulty, noting only that the Agreements describe each entity with which Evoleno contracted as being "in the business of owning, managing, and otherwise holding insurance companies, including but not limited to American Resources Insurance Company, Inc."  (Doc. 31 at 1-2; *id.*, Exhibits A, B at 1).  This language is sufficient to indicate that the plaintiff is *related to* the contracting parties, but it cannot support the proposition that the plaintiff *is* either contracting party; on the contrary, the quoted language confirms the separate corporate existence of the plaintiff.

There are certain theories under which a non-signatory may nonetheless be required to arbitrate claims.  *See, e.g., Employers Insurance*, 251 F.3d at 1322.  The movants have not attempted to establish the existence of any of these exceptions.

For the reasons set forth above, the movants' motions to compel arbitration and stay proceedings are **denied**.


DONE and ORDERED this 30th day of July, 2007.


                                       s/ WILLIAM H. STEELE
                                       UNITED STATES DISTRICT JUDGE