IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN RESOURCES INSURANCE COMPANY, INC.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | CIVIL ACTION 07-0035-WS-M |
| **THE EVOLENO COMPANY, LLC, et al.,** ) ) ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the motion of defendant The Evoleno Company ("Evoleno") for leave to amend its answer. (Doc. 30). Evoleno's intent is to add three affirmative defenses: unclean hands, contributory negligence, and an arbitration clause contained in an agreement with the plaintiff. The plaintiff has filed a brief in opposition, (Doc. 40), Evoleno a reply, (Doc. 42), and the motion is ripe for resolution.

When, as in this case, the time for amendment as of right has passed,[1] "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The plaintiff offers three reasons why leave should not be given in this case, despite what it admits is the "liberal amendment policy" of Rule 15(a)[2]: (1) Evoleno has not offered a satisfactory excuse for not raising these matters in its original answer; (2) the plaintiff will be prejudiced if amendment is allowed; and (3) amendment would be futile. The Court considers these grounds in turn.

---

[1] Evoleno's answer was filed on April 26, 2007, (Doc. 19), and its right to amend as of right therefore expired on or about May 16, 2007. Fed. R. Civ. P. 15(a). The motion for leave to amend was filed three weeks later, on June 7, 2007.

[2] (Doc. 40 at 3). *E.g., Florida Evergreen Foliage v. E.I. DuPont de Nemours & Co.*, 470 F.3d 1036, 1042 (11th Cir. 2006).

According to the plaintiff, the Eleventh Circuit precludes a party from amending a pleading to include material that it could have presented in the initial pleading, and the amending party bears the burden of showing that it was reasonably unaware of the material when it filed its initial pleading. (Doc. 40 at 4, 6-7). None of the three cases the plaintiff cites remotely supports such a proposition. All involved plaintiffs who moved to amend long after the deadline established by the Rule 16(b) scheduling order expired, and all considered the plaintiffs' longstanding awareness of their proposed claims as a circumstance to be weighed in determining whether they had exhibited the "undue delay" the Supreme Court recognizes as a legitimate basis for denying leave to amend.[3] The plaintiff does not assert that Evoleno exhibited undue delay in moving to amend and — given that the motion to amend was filed only three weeks after the expiration of its right to amend unilaterally, before any formal discovery was propounded or initial disclosures made, and before a deadline for moving to amend was even established[4] — it could not successfully do so.

The plaintiff detects prejudice from allowing the amendment only with respect to arbitration. Its thinking proceeds along these lines: (1) the same day as it filed the instant motion, Evoleno filed a motion to compel arbitration; (2) the plaintiff opposes the motion to compel largely on the grounds that Evoleno waived any right to arbitration by proceeding with this litigation for some time before invoking it; and (3) allowing Evoleno to amend its answer will in some unexplained way undercut the plaintiff's waiver argument. (Doc. 40 at 7). According to the plaintiff, however, the test for waiver is whether the party invoking arbitration had previously "substantially participate[d] in

---

[3]*See Muegge v. Heritage Oaks Golf and Country Club, Inc.*, 209 Fed. Appx. 936, 939-40 (11th Cir. 2006); *Caruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1217-18 (11th Cir. 2004); *McGregor v. Autozone, Inc.*, 180 F.3d 1305, 1308-09 (11th Cir. 1999).

[4]The same day the instant motion was filed, the parties filed their report of Rule 26(f) meeting, jointly requesting until August 15, 2007 to make initial disclosures and to amend the pleadings. (Doc. 33 at 9).

litigation to a point inconsistent with an intent to arbitrate," with resulting prejudice to the party opposing arbitration. (Doc. 41 at 3 (internal quotes omitted). Because the motion to amend the answer and the motion to compel arbitration were filed at the same time, the assessment of "substantial participation" and prejudice is unaffected by whether the motion for leave to amend is granted.

The plaintiff presents two different futility arguments. With respect to arbitration, it asserts that amendment is futile because Evoleno's motion to compel arbitration is due to be denied. (Doc. 40 at 8). The Court is by separate order denying the motion to compel arbitration. However, there is no point in denying leave to amend unless Evoleno's two other new defenses are also futile.

With respect to unclean hands and contributory negligence, the plaintiff argues that these affirmative defenses could not withstand a motion to dismiss or strike because the proposed amended answer merely names the defenses.[5] According to the plaintiff, the Eleventh Circuit requires a defendant to explicitly allege each element that it will be required to prove in order to prevail as to that defense. Also according to the plaintiff, the Supreme Court now requires a defendant to allege facts supporting the invocation of the affirmative defense. (Doc. 40 at 5-6, 8-9). The plaintiff cites no Eleventh Circuit case supporting its proposition,[6] nor any case extending *Bell Atlantic Corp. v. Twombly*, 127

---

[5] This is a common manner of pleading affirmative defenses in this district, and one engaged in by plaintiff's counsel as recently as April of this year. *See Harmon v. State Farm Fire & Casualty Co.*, Civil Action No. 07-245-BH-B, Doc. 6 at 15 ("Defendant State Farm pleads the affirmative defense of contributory negligence.").

[6] The single federal case cited by the plaintiff discusses only the proof requirements for a defense of unclean hands, not the pleading requirements. *Calloway v. Partners National Health Plans,* 986 F.2d 446, 451 (11th Cir. 1993). *Calloway* certainly does not overrule *American Motorists Insurance Co. v. Napoli*, 166 F.2d 24 (5th Cir. 1948), which held that, "[u]nder our very liberal rules of pleading, ... [a] plea that simply states that complainant was guilty of contributory negligence, as in the case at bar, is sufficient." *Id*. at 26.

S.Ct. 1955 (2007), to responsive pleadings.[7]  Without foreclosing a future motion to dismiss or strike based on less skeletal argument, the Court easily concludes that the plaintiff has failed to show that allowing Evoleno's proposed affirmative defenses would be futile.

Given the "liberal amendment policy" of Rule 15(a), and the plaintiff's failure to support any recognized ground for denying amendment, Evoleno's motion for leave to amend its answer is **granted**.  Evoleno is **ordered** to file and serve its amended answer on or before **August 7, 2007**.

DONE and ORDERED this 30th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[7]There is a plausible textual reason why *Twombly* would be confined to complaints.  Rule 8(a) states that a complaint must include "a short and plain statement of the claim *showing that the pleader is entitled to relief.*"  Fed. R. Civ. P. 8(a)(2) (emphasis added).  The *Twombly* Court emphasized that the rule "requires a 'showing,' rather than a blanket assertion, of entitlement to relief," which "showing" must require "some factual allegation."  127 S. Ct. at 1965 n.3.  In contrast, Rule 8(b) provides only that the defendant "state in short and plain terms the party's defenses," and Rule 8(c) specifies only that affirmative defenses be "set forth affirmatively."  Neither requires the answer to "show" that the defendant is entitled to prevail on his affirmative defense.