**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AMERICAN RESOURCES INSURANCE** | ) | |
| **COMPANY, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 07-0035-WS-M** |
| | ) | |
| **THE EVOLENO COMPANY, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on the motion of defendant Robert Vetkoetter to
dismiss or, in the alternative, for more definite statement.  (Doc. 24).  The basis of the
motion to dismiss is that the Court lacks personal jurisdiction over Vetkoetter, and the
basis of the motion for more definite statement is that the complaint fails to plead fraud
with the particularity demanded by Federal Rule of Civil Procedure 9(b).  The parties
have filed briefs and evidentiary materials in support of their respective positions, (Docs.
25, 27, 32), and the motion is ripe for resolution.  After carefully considering the
foregoing and other relevant materials in the file, the Court concludes that the complaint
fails to satisfy either Rule 9(b) or Rules 8(a) and 10(b) and that these pleading
deficiencies prevent the Court from assessing the existence of personal jurisdiction.

**I.  Personal Jurisdiction.**

When, as here, the Court's subject matter jurisdiction is based exclusively on
diversity of citizenship, the federal court may exercise personal jurisdiction to the same
extent as a court of the forum state.  *Molina v. Merritt & Furman Insurance Agency, Inc.*,
207 F.3d 1351, 1355 (11th Cir. 2000).  Alabama's long-arm statute "extends the personal
jurisdiction of Alabama courts to the limits of due process under the federal and state

constitutions." *Ex parte Fidelity Bank*, 893 So. 2d 1116, 1121 (Ala. 2004) (internal quotes omitted); *accord* Ala. R. Civ. P. 4.2(a)(2)(I); *Molina*, 207 F.3d at 1355-56. Similarly, "the due process guaranteed under the Alabama Constitution [is] coextensive with the due process guaranteed under the United States Constitution." *Ex parte Georgia Farm Bureau Mutual Automobile Insurance Co.*, 889 So. 2d 545, 550 (Ala. 2004) (internal quotes omitted). The inquiry in this case thus focuses on the requirements of the Fourteenth Amendment's Due Process Clause. *See, e.g., Morris v. SSE, Inc.*, 843 F.2d 489, 492 n.3 (11th Cir. 1988).

The Due Process Clause allows a court to assume personal jurisdiction over a nonresident defendant when he "has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal quotation marks omitted). The burden is on the plaintiff to demonstrate the existence of constitutionally sufficient minimum contacts with the forum; if the plaintiff does so, the defendant bears the burden of showing that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *Molina*, 207 F.3d at 1358.

The assessment of minimum contacts depends on whether the plaintiff asserts a cause of action "arising out of or related to" the defendant's contacts with the forum state ("specific jurisdiction") or one that does not ("general jurisdiction"). *Helicopteros Nacionales*, 466 U.S. at 414 nn. 8-9. The parties agree that general jurisdiction is not at issue in this case. (Doc. 25 at 5; Doc. 27 at 7-8).

In order to constitute minimum contacts with the forum sufficient to support specific jurisdiction, "the contacts must be related to the plaintiff's cause of action or have given rise to it." *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005) (internal quotes omitted). The complaint's pleading deficiencies preclude the Court from determining whether this requirement is satisfied.

First, the complaint fails to identify Vetkoetter's contacts with Alabama.  This action was filed against seven defendants.  Without attempting to distinguish among them, the complaint alleges vaguely that "[a]ll of the Defendants had correspondence and communications with [officers of the plaintiff] while they were conducting business on the premises of [the plaintiff] in Mobile, Alabama and the contact ... related to automobile warranty contracts or vehicle service contracts marketed, solicited, administered, and/or managed by some of the corporate Defendants."  (Doc. 1 at 3, ¶ 1).  This defect may have been rectified by the plaintiff's assertion in brief that Vetkoetter's contacts with Alabama consist of two e-mails from January 2006, two more e-mails from the summer of 2006, and a brief visit to Alabama in June 2006.  (Doc. 27 at 7-8; *id*., Exhibits B, C).[1]  The question remains whether these contacts are "related to the plaintiff's cause of action or have given rise to it," and the complaint fails to allege the plaintiff's causes of action against Vetkoetter with sufficient clarity to support a determination of this issue.[2]

The complaint includes claims for breach of contract and breach of fiduciary duty, but these are expressly brought only against certain defendants.  The complaint also includes claims for fraud, negligence, wantonness and accounting that are brought against "all Defendants" or "the Defendants" generally.  In brief, the plaintiff disclaims any claim against Vetkoetter for an accounting but does confirm that he is sued under the three tort claims.  (Doc. 27 at 2).

After eight paragraphs spent identifying the parties, the complaint includes 27 paragraphs of factual allegations.  (Doc. 1 at 3-10).  Paragraphs 2-9 and 17 address misrepresentations made to the plaintiff with respect to a number of poorly described contracts with a number of poorly described entities, some of which plainly are not

---

[1]The evidence of Vetkoetter's visit to Alabama is apparently contained in his affidavit, which he failed to attach to his brief.  (Doc. 25 at 5).

[2]The Court's analysis is hampered as well by the parties' failure to recognize or apply this standard.

parties to this lawsuit.  The content of the alleged misrepresentations is stated only generally, and the time, place and medium is not alleged at all.  Even the identity of the person or entity making the misrepresentations is stated only as "[t]he Defendants."  That is, the complaint improbably alleges that all seven defendants made every one of the alleged misrepresentations.

Paragraphs 10-13 and 18-22 appear to impact only the claim for breach of fiduciary duty.  Paragraphs 14-17 discuss various problems the plaintiff encountered, but it is not obvious what cause or causes of action these allegations are intended to support.  Nor is it clear that the allegations are relevant to Vetkoetter, who is not mentioned therein, even though other defendants are.  It certainly is not stated what Vetkoetter did or failed to do in connection with these problems.

Paragraph 23 describes the plaintiff's discovery of problems, and its import is not clear.  Paragraph 24 addresses the claim for an accounting, and paragraph 25 appears to address the breach of contract claim.  Paragraphs 26 and 27 address damages.

The vagueness of the factual allegations and which defendants they impact is exacerbated by the counts.  Each purports to incorporate by reference every single preceding paragraph, despite the patent inapplicability of some and the dubious applicability of others.  As previously noted, all counts other than for breach of contract and breach of fiduciary duty are vague even as to the defendants against whom they are genuinely asserted.

"The complaint is a quintessential 'shotgun' pleading of the kind we have condemned repeatedly, beginning at least as early as 1991."  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  As in *Magluta*, the complaint "names [multiple] defendants, and all defendants are charged in [most] count[s]."  *Id.*  As in *Magluta*, the complaint "is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [seven] defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in

-4-

every act complained of." *Id.* As in *Magluta*, "[e]ach count incorporates by reference the allegations made in [the factual section] while also incorporating the allegations of any count or counts that precede it." *Id.* As in *Magluta*, "the result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Id.*

Such a pleading violates Rules 8(a) and 10(b). *Magluta*, 256 F.3d at 1284. "When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006). Such a response is even more appropriate here, where the complaint frustrates the Court's ability to determine whether the plaintiff's causes of action against a defendant arise from or are related to that defendant's contacts with the forum.

## II. Rule 9(b).

"The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988); *see also Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985) (Rule 9(b)'s "clear intent is to eliminate fraud actions when all facts are learned through discovery after the complaint is filed.").

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal

quotes omitted).[3]

The complaint does not set forth "precisely what statements were made" by Vetkoetter. Rather, the complaint alleges broadly that "[t]he Defendants" made the various misrepresentations. The plaintiff does not argue that it really believes that Vetkoetter actually made every misrepresentation. Instead, it insists that, because it is suing multiple defendants, it can simply allege that "the defendants" made the universe of representations and leave it to the defendants to sort out who said what. (Doc. 27 at 10-12). In such a world, the requirements of Rule 9(b) cease to exist whenever multiple defendants are sued for fraud.

The one case cited by the plaintiff does not support this breathtaking proposition. *Peters v. Amoco Oil Co.*, 57 F. Supp. 2d 1268 (M.D. Ala. 1999), at most concludes that a plaintiff may refer generally to "the defendants" in pleading fraud when he "may not be able" to provide more specificity "because he does not have what may be concealed information." *Id.* at 1277 (internal quotes omitted). That the *Peters* Court went no further can be seen from its subsequent acknowledgment of the *Ziemba* pleading requirements (including the identity of the person making each alleged misrepresentation) and its statement that this standard can be "relaxed somewhat if the defendant controls information required for proper pleading." *Id.* at 1280 (internal quotes omitted). The plaintiff has not asserted that it is ignorant of which defendants made which representations, much less that the defendants control that information to the exclusion of the plaintiff. It certainly has not explained how, if it is truly ignorant of any misrepresentation by Vetkoetter, it can nevertheless, consistent with Rule 11, plead he made every misrepresentation alleged in the complaint.

Nor does the complaint identify the time, place and mode of communicating each, or any, alleged misrepresentation. The only reference to time is the wholly inadequate

---

[3]The plaintiff stresses that Rule 9(b) cannot be allowed to abrogate Rule 8(a), (Doc. 27 at 10), but the *Ziemba* test incorporates that balancing. 256 F.3d at 1202.

phrase, "[s]ometime in the year 2005," (Doc. 1 at 3, ¶ 2), and even that refers to when the plaintiff was solicited to enter the automobile warranty business, not when any of the various alleged misrepresentations were made.  The only reference to place or mode of communication is the allegation that "[a]ll of the Defendants had correspondence and communications with" certain officers of the plaintiffs while the officers were in Alabama.  (*Id.*, ¶ 1).  This allegation does not purport to address the misrepresentations at all but attempts only to address personal jurisdiction issues, and such a broad statement, untethered to particular misrepresentations, would be inadequate to satisfy Rule 9(b) even were it designed to do so.

### III. Conclusion.

For the reasons set forth above, Vetkoetter's motion for more definite statement is **granted**.  The plaintiff is **ordered** to file and serve, on or before **August 14, 2007**, an amended complaint addressing the deficiencies noted herein.  Failure to file an amended complaint, or failure to file an amended complaint that corrects the problems identified in Part I, will result in dismissal of this action.  Failure to file an amended complaint that corrects the problems identified in Part II will result, upon motion, in dismissal of the fraud claim.

In light of the order to replead, Vetkoetter's motion to dismiss is **denied as moot**, without prejudice to his ability to seek dismissal of the amended complaint.  Because the burden is on the plaintiff to establish Vetkoetter's minimum contacts with the forum, any continued failure of the amended complaint to allow the Court a basis for concluding that the plaintiff's claim or claims against Vetkoetter arise from or relate to his contacts with Alabama presumably would support dismissal under Rule 12(b)(2).

DONE and ORDERED this 30th day of July, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE