IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN RESOURCES INSURANCE COMPANY, INC.,** ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | CIVIL ACTION 07-0035-WS-M |
| **THE EVOLENO COMPANY, LLC, et al.,** ) ) | |
| **Defendants.** ) | |

## ORDER

This matter is before the Court on the plaintiff's motion for leave to file a third amended complaint. (Doc. 67). The proposed third amended complaint would accomplish the following: (1) add Sandra Marino as a defendant; (2) identify Sandra Marino and Susan Marino as members of the board of directors of defendant The Evoleno Company ("Evoleno") and allege that they negligently failed to perform their duties as members and allowed or ratified other misconduct of which the plaintiff complains; and (3) add allegations as to elements of damage that have recently accrued due to the misconduct alleged in the second amended complaint. The defendants have filed a response and the plaintiff a reply, (Docs. 71, 72), and the motion is ripe for resolution.

The Magistrate Judge, pursuant to Rule 16(b), established a deadline of September 28, 2007 by which to file motions for leave to amend the pleadings or to join other parties. (Doc. 49 at 2, ¶ 5).[1] Such "[a] schedule shall not be modified except upon a showing of good cause." *Id.*; *accord Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). The instant motion was filed on November 28, 2007, a full two months

---

[1]This deadline was more generous by six weeks than the August 15, 2007 deadline jointly proposed by the plaintiff and defendants, (Doc. 33 at 9, ¶ 6), and so cannot be faulted as unrealistic.

after that deadline passed.  Accordingly, the plaintiff must first show good cause for its failure to comply with the scheduling order.  *Id*. at 1419 ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").

"This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).  The plaintiff's own filings demonstrate that it cannot meet this standard.  The plaintiff was long aware of Susan Marino (since she was an original defendant), and the plaintiff does not suggest it was unaware that she was a member of Evoleno's board.  With respect to Sandra Marino, the plaintiff asserts that it was until recently unaware that she was a member of the board, but it acknowledges that it could easily have discovered this fact at any time simply by consulting the Texas Secretary of State's records (as it recently did).  (Doc. 72 at 2-3).  Indeed, the plaintiff concedes that its failure to do so earlier "could be viewed as lack of diligence."  (*Id*. at 3).

The plaintiff's argument comes down to this: the "potential liability of the ... members ... was not contemplated until after" September 28, 2007, because there were extensive transactions and communications to review and  "[i]t has taken a good deal of time to thoroughly analyze the case."  (Doc. 72 at 3).  There is no assertion in this statement that the information on which the new claims against the Marino sisters are based has only recently come into the plaintiff's actual or constructive possession; rather, the suggestion is that, while the information necessary to support the new claims was there, the plaintiff had not recognized the availability of the claims.  Especially given that the complaint and its subsequent iterations reflect the plaintiff's dawning awareness of the defendants' alleged misconduct by May 2006, the plaintiff's argument does not reflect the exercise of the diligence required by Rule 16(b).  *Cf. Smith v. School Board of Orange*

*County*, 487 F.3d 1361, 1367 (11th Cir. 2007) (simply asserting that new violations of law have been discovered, without indicating what they are, what facts support them, and why they were undiscoverable earlier, does not support a showing of good cause).

The plaintiff argues that amendment should nevertheless be allowed because the defendants will not be prejudiced by the amendment and because it would serve the interests of judicial economy for it to sue Sandra Marino in the same lawsuit as the other defendants. The plaintiff has not cited, and the Court has not located, any Eleventh Circuit case hinging the "good cause" determination on the presence or absence of prejudice or judicial economy, and the definition embraced in *Sosa* would appear to rule out such a coupling.

The defendants concede that, to the extent the plaintiff has a claim for newly accruing damages, it may pursue them under the second amended complaint without the need for a third. (Doc. 71 at 5). In light of this concession — to which the defendants will be bound in this litigation — the plaintiff correctly describes as moot its motion for leave to amend as to such damages. (Doc. 72 at 4).

For the reasons set forth above, the plaintiff's motion for leave to file a third amended complaint is **denied**.

DONE and ORDERED this 18th day of December, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE