IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN RESOURCES INSURANCE COMPANY, INC.,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) CIVIL ACTION 07-0035-WS-M ) |
| **THE EVOLENO COMPANY, LLC, et al.,** | ) ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for summary judgment as to the counterclaims of The Evoleno Company ("Evoleno"). (Doc. 101). The plaintiff has filed a brief and evidentiary materials in support of its motion, (Docs. 102-112), and Evoleno (counsel for which was allowed to withdraw in March), has not responded. After carefully considering the foregoing material, the Court concludes that the motion for summary judgment is due to be denied.

Evoleno asserts seven counterclaims: breach of contract; negligence; wantonness; fraud; suppression; tortious interference with business relations; and a demand for an accounting. The claims and their antecedent factual allegations cover some fifteen pages, (Doc. 65 at 18-32); the plaintiff purports to establish its entitlement to summary judgment as to all seven claims in a scant five pages. (Doc. 111 at 4-8). It does so without addressing a single factual allegation of the counterclaims and without even mentioning the two affidavits and six exhibits (totaling 142 pages) which it filed in nominal support of its motion. (Docs. 103-10).

To the extent the plaintiff assumes it can meet its initial burden on motion for summary judgment simply by positing that Evoleno "has no substantial evidence" to support its claims, it is mistaken.

> The moving party bears the initial burden to show the district court, *by reference to materials on file*, that there are no genuine issues of material fact that should be decided at trial. ... *Celotex* did not change the general rule. *Celotex* simply holds that under certain circumstances the movant may meet its Rule 56 burden without negating an element of the non-moving party's claim and that under such circumstances it is sufficient to *point to materials on file* that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden. *Even after Celotex it is never enough simply to state that the non-moving party cannot meet its burden at trial*.

*Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (emphasis added); *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000).

To the extent the plaintiff assumes it can meet its initial burden by dumping a mound of evidence into the record without discussing the evidence and explaining how it supports the plaintiff's position, or even directing the Court's attention to the portions on which it relies, it is equally mistaken. The Court has no obligation to review unreferenced evidence in order to find support for a party's position,[1] and it declines to do so.

The motion for summary judgment manifests additional infirmities, including without limitation the following: (1) assuming, without providing analysis or legal authority or acknowledging the counterclaim's allegations, that Evoleno's negligence claim cannot be based on any duty other than a contractual duty; (2) assuming, without discussion of the counterclaims' allegations, that it cannot be liable for fraud if it did not breach the contract; (3) assuming that the suppression claim is based on non-disclosures different from those alleged in the counterclaim; (4) positing, without analysis or legal

---

[1] *E.g., Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so."); *accord Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Lawson v. Sheriff of Tippecanoe County*, 725 F.2d 1136, 1139 (7th Cir. 1984); *Karlozian v. Clovis Unified School District*, 2001 WL 488880 at *1 (9th Cir. 2001); *see also* Local Rule 7.2.

authority, that the plaintiff owed no duty of disclosure; (5) assuming, without analysis or authority, that it cannot be liable for tortious interference with business relations if it did not breach the contract.  The Court will not supply these and other deficiencies on the plaintiff's behalf.  *Cf. Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.").

That Evoleno has not responded to the plaintiff's motion does not allow the Court to overlook the problems noted above.  Because Federal Rule of Civil Procedure 56(c) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion."  *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004).

For the reasons set forth above, the plaintiff's motion for summary judgment is **denied**.

DONE and ORDERED this 16th day of September, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE