# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

AMERICAN RESOURCES INSURANCE)
COMPANY, INC.,                  )
                                     )
      **Plaintiff,**                )
                                     )
**v.**                               )     **CIVIL ACTION 07-0035-WS-M**
                                   )
**THE EVOLENO COMPANY, LLC, et al.,**)
                                   )
      **Defendants.**           )

## ORDER

This matter is before the Court on the plaintiff's motion for entry of judgment as a matter of law against defendant Susan Marino. (Doc. 124). Marino declined the opportunity to respond, (Doc. 121 at 4-5, ¶ 6), and the motion is ripe for resolution.

At the pretrial conference held October 7, 2008, Marino expressly confirmed that she contributed to the joint pretrial document and that she (electronically) signed it for submission to the Court. The Court thereafter entered a final pretrial order that incorporated by reference the joint pretrial document, (Doc. 121 at 2, ¶ C.1), as the parties were on notice would occur. (Doc. 74, Attachment at 4, ¶ 5).

As set forth in the plaintiff's motion, the joint pretrial document contains a number of agreed facts as to each claim brought by the plaintiff. Among these are the following, with respect to the claim against Marino for breach of fiduciary duty: (1) "Ultimate entered into a Trust agreement with ARIC. Marino was appointed as one of three Trustees of the Trust"; (2) "Marino never performed her duty as a Trustee of the Trust and allowed in excess of $4 million to be withdrawn from the Trust" for improper purposes; (3) "Marino never provided any oversight of the Trust, never demanded an accounting of the Trust, never required there to be at least two signatures in order to withdraw money from the Trust, and never required proof that the money withdrawn from

the Trust was used to pay claims of vehicle service contract holders"; and (4) "ARIC was damaged by the breach of fiduciary duty.  It lost in excess of $4 million from the Trust which should have been available to pay claims."  (Doc. 120 at 14-15).[1]

In the joint pretrial document, the parties also agreed that the legal elements of the plaintiff's claim for breach of fiduciary duty are the following: (1) the existence of a fiduciary duty owed by Marino to the plaintiff; (2) the breach of that duty by Marino; and (3) resultant damage to the plaintiff.  (Doc. 120 at 13-14).  The agreed facts quoted above establish that Marino owed the plaintiff a fiduciary duty, that she breached that duty, and that her breach of duty caused damage to the plaintiff.  The agreed facts therefore establish Marino's liability to the plaintiff for breach of fiduciary duty.

As to damages, the agreed facts establish that the plaintiff suffered at least $4 million in damages from Marino's breach of fiduciary duty.  The plaintiff has agreed to limit its demand for relief under this claim to the $4 million the parties agree it has suffered.  (Doc. 121 at 4 -5).

One of the matters addressed at pretrial conferences is "obtaining admissions and stipulations about facts ... to avoid unnecessary proof ...."  Fed. R. Civ. P. 16(c)(2)(C). Moreover, "[c]ourts generally hold stipulations, agreements, or statements of counsel made at the pretrial conference binding for purposes of trial."  6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1527 at 263-64 (2nd ed. 1990).  Thus, for example, when the defendant in the pretrial document "conceded the existence of past racial discrimination," it "abandoned" any argument to the contrary for purposes of trial. *Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992, 1015 n.34 (11th Cir. 1982). No motion for summary judgment is required in order to enforce the admissions made at the pretrial conference.  *Diaz v. Schwerman Trucking Co.*, 709 F.2d 1371, 1375 n.6 (11th Cir. 1983); *accord* Federal Practice and Procedure § 1525 at 252 ("Of course, judgment

---

[1]The only disputed facts submitted by Marino address the plaintiff's claim against co-defendant The Evoleno Company for breach of contract.  (Doc. 120 at 7-10, 15).

may be ordered at the conference if there is no triable issue left at the end of the discussion.").

Although Marino is proceeding without counsel,[2] "[b]oth the Supreme Court and [the Eleventh Circuit] have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes [s]he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005); *accord* Local Rule 83.9 ("All litigants proceeding  pro se shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil ... Procedure, unless otherwise excused from operation of the rules by court order.").  At any rate, Marino has not argued that her admissions were the result of mistake, excusable or not.[3]

For the reasons set forth above, the plaintiff's motion for judgment as a matter of law is **granted**.  Judgment shall be entered accordingly by separate order.

---

[2]As a civil litigant, Marino has no constitutional right to counsel unless she pays for one. *E.g., Potashnick v. Port City Construction Co.*, 609 F.2d 1101,1118 (5th Cir. 1980) ("[A] civil litigant has a constitutional right to retained hired counsel, [but] the right does not require the government to provide lawyers for litigants in civil matters.").

[3]Marino suggested at the pretrial conference that  she began focusing attention on the case only about two weeks before the pretrial conference because she mistakenly believed the case was over.  This is not credible.  After her counsel was granted leave to withdraw in March 2008 (due to the defendants' failure to pay legal fees), (Doc. 83), the plaintiff filed a motion for summary judgment as to the counterclaims filed by defendant The Evoleno Company ("Evoleno").  (Doc. 101).  On July 18, 2008, Marino filed a motion to extend the time to respond, (Doc. 114), in which she represented that she had believed at all times that counsel were representing her interests.  (*Id*. at 2, ¶ 4).  Marino could not possibly have believed that counsel were still representing her in the case if she believed that the case was over.  Moreover, by filing her motion to extend time, she manifested her knowledge the case was not over as of July 18.  And because she had unfettered access to the file (she admits accessing the file electronically on July 17, (*id*. at 2, ¶ 5)), she could not possibly have believed thereafter that the case was over.  At any rate, Marino offered this only as a reason she did not submit witness and exhibit lists prior to the pretrial conference.

DONE and ORDERED this 23rd day of October, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE