IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN RESOURCES INSURANCE COMPANY, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION 07-0035-WS-M<br>) |
| THE EVOLENO COMPANY, LLC, et al., | )<br>) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to dismiss counterclaims and motion for default judgment, both targeted against defendant The Evoleno Company ("Evoleno"). (Docs. 123, 125). Evoleno elected not to respond, (Doc. 121 at 3-4, ¶ 6), and the motion is ripe for resolution.

Suit was filed in state court in November 2006, and Evoleno was represented by counsel until March 2008, when counsel moved to withdraw based upon Evoleno's failure to pay their fees. (Doc. 79). The Magistrate Judge entered an order requiring counsel to demonstrate that it had informed Evoleno of "the necessity of hiring other counsel, etc., since a corporation can only appear through counsel." (Doc. 80). Counsel responded that they had sent copies of the motion to withdraw, and of the Magistrate Judge's order, to Evoleno's in-house counsel, both at the business address and at his home address. (Doc. 82 at 2). Counsel also responded that they had spoken with both in-house counsel and co-defendant Susan Marino (a principal in Evoleno) and apprised them "of new counsel being needed for the Defendants." (*Id*.).

The Magistrate Judge thereupon granted the motion to withdraw, "ordered [Evoleno] to obtain new counsel," and warned that a "failure to do so could result in the entry of default judgment upon Plaintiff's motion." (Doc. 83 at 1). Pursuant to Court

order, counsel confirmed that they sent a copy of this order to Evoleno and Marino via certified mail, first-class mail, and e-mail. (Doc. 84). The Court later noted that Evoleno could be subject to default judgment should it fail to comply with Court rules and orders. (Doc. 95 at 1-2).

In July 2008, Marino filed a motion to extend the time to respond to a motion for summary judgment filed by the plaintiff against Evoleno. (Doc. 114). The Court denied the motion a week later, on the grounds that "Marino lacks the authority to file motions on Evoleno's behalf." (Doc. 116 at 2). The Court explained this result as follows:

> "It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). "As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Id.* at 202. Thus, a partnership may not appear in court except through an attorney. [footnote omitted] "This rule applies even when the person seeking to represent the corporation is its president and major stockholder." *Federal Trade Commission v. Gem Merchandising Corp.*, 1995 WL 623168 at *1 (11th Cir. 1995).

(*Id.* at 1). In short, Evoleno has unquestionably known for months that it can defend this action, and prosecute its counterclaims, only through licensed counsel.

In the amended Rule 16(b) scheduling order, the parties were ordered to accomplish, on or before May 30, 2008, a conference for the purpose of discussing settlement and the filing of a joint statement on settlement. (Doc. 90 at 5, ¶ 12). Evoleno did not participate in such discussions, despite the plaintiff's efforts to involve it. (Doc. 99).

In the amended Rule 16(b) scheduling order, the parties were ordered to exchange final pretrial disclosures by September 16, 2008. (Doc. 90 at 2, ¶ 8). Evoleno did not do so. (Doc. 125 at 2-3, ¶ 4).

In the Court's standing order governing final pretrial conference, the parties were ordered to confer and submit a joint pretrial document seven days before the pretrial conference. (Doc. 90, Attachment 1 at 1, ¶ 1). The parties were warned that "[f]ailure to

comply with the provisions of this Order ... may result in the following sanctions ...: (a) dismissal of the action for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) entry of default judgment if such failure occurs on the part of the defendant ...." (*Id*. at 5, ¶ 6).  Evoleno did not confer with counsel for the plaintiff, and did not submit either a joint or unilateral pretrial document.  (Doc. 125 at 3, ¶ 10).[1]

The pretrial conference occurred as scheduled on October 7, 2008.  In the Court's standing order governing final pretrial conference, the parties were warned that "[f]ailure to ... attend the Final Pretrial Conference may result in" the same sanctions listed in the preceding paragraph.  (Doc. 90, Attachment 1 at 5, ¶ 6).   Evoleno did not attend.

For failure to: (1) obey a scheduling order; (2) obey any other pretrial order; or (3) participate in the final pretrial conference, a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."  Fed. R. Civ. P. 16(f)(1).  The enumerated orders include ones "dismissing the action or proceeding in whole or in part" and "rendering a default judgment against the disobedient party."  *Id*. 37(b)(2)(A)(v), (vi).  These provisions grant the Court the authority to dismiss the counterclaims of, and to enter default judgment against, a defendant that fails to engage in and report on settlement negotiations, provide pretrial disclosures, participate in the framing of the pretrial document, or attend the pretrial conference.

"[T]he decision to enter a default judgment [pursuant to Rule 37(b)(2)(A)] ought to be the last resort — ordered only if noncompliance is due to willful or bad faith disregard of court orders."  *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1542 (11th Cir. 1985).  Thus, the sanction should not issue "if less draconian but equally effective sanctions were available."  *Id*. at 1543; *accord Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

There can be no question on this record that Evoleno's disregard of four court

---

[1] To the extent Marino attempted to insert material in the joint pretrial document on behalf of Evoleno, her action was a nullity as explained above.

orders is willful and in bad faith. Evoleno, through its in-house counsel and its principal and co-defendant Marino, has been fully aware for months that by law it can participate in this lawsuit only through licensed counsel. It has nevertheless elected not to obtain counsel.[2] Moreover, Evoleno was on notice of the content of each order it violated, and it was on notice that the sanctions for failing to participate in drafting the joint pretrial document, and for failing to attend the final pretrial conference, included entry of default judgment against it. More generally, it was on notice ever since March 2008 that its failure to secure counsel could ultimately result in default judgment against it. Evoleno nevertheless did nothing to comply with any of these orders.[3]

Likewise, on this record of four violations of court orders in as many months there can there be no doubt that a lesser sanction than default judgment will not suffice. Evoleno has made plain that it is no respecter of warnings of default judgment and that it will continue to ignore all court orders until default judgment is entered.

The failure of an artificial entity to obtain counsel, in violation of a court order or rule to do so, has repeatedly been held to support default judgment, even absent violations of other rules or orders. *E.g., Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480

---

[2]Marino suggested at the pretrial conference that Evoleno lacks funds to hire an attorney. That is unfortunate if true but, as a civil litigant, Evoleno has no constitutional right to counsel unless it pays for one. *E.g., Potashnick v. Port City Construction Co.*, 609 F.2d 1101,1118 (5th Cir. 1980) ("[A] civil litigant has a constitutional right to retained hired counsel, [but] the right does not require the government to provide lawyers for litigants in civil matters."). Thus, default judgment is proper even when the unrepresented artificial entity asserts impecuniousness. *See Tropicana Products, Inc. v. Vero Beach Groves, Inc.*, 1993 WL 73693 at *1, 5 (1st Cir. 1993).

[3]Evoleno's pro se status does not insulate it from responsibility for complying with court orders. "Both the Supreme Court and [the Eleventh Circuit] have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Nelson v. Barden*, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005); *accord* Local Rule 83.9 ("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil ... Procedure, unless otherwise excused from operation of the rules by court order.").

F.3d 993, 998 (9th Cir. 2007); *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2nd Cir. 2006); *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001).  Under these authorities, Evoleno's failure to comply with the Magistrate Judge's order to obtain substitute counsel would itself support entry of default judgment.[4]

The same observations hold with respect to Evoleno's counterclaims.  Moreover, since Evoleno cannot prosecute its counterclaims without counsel, and since it elects not to secure counsel, it cannot pursue its counterclaims at trial,[5] and they are due to be dismissed for this reason as well.  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985) (trial court properly dismissed claims of corporation without counsel "for lack of proper representation").

The plaintiff seeks entry of default judgment in the amount of $23.9 million.  (Doc. 125 at 6).  The affidavits it submits to justify this figure mention it but do not clearly support it for any number of reasons.  "[J]udgment of default awarding cash damages [can]not properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation. [citation omitted] Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."  *Adolph Coors*, 777 F.2d at 1543-44 (internal quotes omitted).  Because the plaintiff's affidavits do not

---

[4]The plaintiff suggests that it is entitled to judgment on the alternate ground that the facts it inserted in the joint pretrial document establish liability and that Evoleno's failure to participate in the creation of that document renders those facts established for purposes of entering judgment.  (Doc. 125 at 4, ¶ 12).  While a participant in a pretrial document or conference may make binding admissions therein, *see, e.g.,* 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1527 at 263-64 (2nd ed. 1990), the plaintiff offers no authority for the proposition that a non-participant, simply by not participating, admits the participant's version of events or otherwise leaves them established for purposes of liability.  Absent such authority, the Court will not credit the plaintiff's argument.

[5]Jury selection is set for October 28 and trial for November 17.

establish the necessary facts, a hearing is required before damages can be determined.[6]

For the reasons set forth above, the plaintiff's motions to dismiss counterclaims and for entry of default judgment are **granted**.  The clerk is directed to enter default against Evoleno.  Judgment shall be entered after damages are established.  A hearing for the purposes of allowing the plaintiff to prove its damages, and of determining the language of any declaratory judgment or order for an accounting, will be held on **November 20, 2008** at **2:00 p.m.** in Courtroom 2C.

DONE and ORDERED this 23rd day of October, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[6] Neither the plaintiff nor a defaulted party is entitled to a jury trial on damages. *E.g., Graham v. Malone Freight Lines, Inc.*, 314 F.3d 7, 16 (1st Cir. 1999); *In re: Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992); 10A Federal Practice and Procedure § 2688 at 69 (3rd ed. 1998).  The plaintiff, which requests a bench hearing if its affidavits prove insufficient, (Doc. 125 at 6), acknowledges as much.

The plaintiff repeats its assertion that Evoleno's failure to participate in formation of the joint pretrial document leaves the plaintiff's version of damages established for all purposes. (Doc. 125 at 5, ¶ 14).  Again, for lack of authority presented in support of this position, the Court rejects it.