IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN RESOURCES INSURANCE COMPANY, INC.,** )<br>)<br>    **Plaintiff,** )<br>)<br>v.                                                     )<br>)<br>**THE EVOLENO COMPANY, LLC, et al.,** )<br>)<br>    **Defendants.** ) | <br><br><br><br><br>CIVIL ACTION 07-0035-WS-M |

## ORDER

This matter is before the Court on the motion of defendant Susan Marino to amend findings and conclusions and/or to amend judgment and/or for new trial, and on Marino's motion for sanctions. (Docs. 135, 136). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 135-39, 141-43), and the motions are ripe for resolution. After carefully considering the foregoing, the Court concludes that both motions are due to be denied.

## BACKGROUND

The plaintiff brought suit against Marino and six other defendants, including The Evoleno Company, LLC ("Evoleno"), in which Marino was a member. The plaintiff dismissed three of the defendants pursuant to Rule 41(a)(1), and two others pursuant to Rule 41(a)(2), (Docs. 3, 97), leaving only Evoleno and Marino as defendants.

Evoleno and Marino were initially represented by counsel, but they were granted leave to withdraw due to the defendants' failure to pay their fees. (Docs. 79, 83). The defendants failed to obtain substitute counsel; instead, Marino attempted to represent the interests of both herself and Evoleno, (Doc. 114), despite being advised by the Court several times that an artificial entity must be represented in federal court by a licensed

attorney. (Docs. 80, 83, 116). Evoleno's failure to obtain counsel, along with numerous other violations of applicable rules and orders, resulted in the entry of default judgment against it. (Doc. 129).

Marino's pro se status did not preclude her from representing her own interests, and the case as to her proceeded to final pretrial conference. Prior to the conference, the parties submitted a joint pretrial document, as required by the Court's standard order. One of the plaintiff's claims against Marino was for breach of fiduciary duty. With respect to this claim, under the heading, "Agreed Facts," the joint pretrial document listed the following: (1) "Ultimate entered into a Trust agreement with ARIC. Marino was appointed as one of three Trustees of the Trust"; (2) "Marino never performed her duty as a Trustee of the Trust and allowed in excess of $4 million to be withdrawn from the Trust" for improper purposes; (3) "Marino never provided any oversight of the Trust, never demanded an accounting of the Trust, never required there to be at least two signatures in order to withdraw money from the Trust, and never required proof that the money withdrawn from the Trust was used to pay claims of vehicle service contract holders"; and (4) "ARIC was damaged by the breach of fiduciary duty. It lost in excess of $4 million from the Trust which should have been available to pay claims." (Doc. 120 at 14-15). The parties also submitted an agreed listing of the legal elements of a claim for breach of fiduciary duty, (*id*. at 13-14), and the agreed facts established each of those elements, including damages of at least $4 million. No disputed facts were listed for this claim, other than a reference to those asserted in opposition to the plaintiff's claim for breach of contract. (*Id*. at 15). Those disputed facts did not remotely touch on the plaintiff's claim for breach of fiduciary duty. (*Id*. at 7-10).[1]

At the pretrial conference, the Court inquired whether the submitted joint pretrial document represented the parties' joint effort, whether Marino's electronic signature was

---

[1] The story was similar with respect to each of the plaintiff's claims, except that as to some of them the agreed facts did not quantify damages and/or confirm causation.

her own, and whether the parties were prepared to proceed on the basis of the document. Marino responded in the affirmative on all counts. The Court thereafter entered a pretrial order incorporating by reference the joint pretrial document. (Doc. 121 at 2, ¶ C.1).

In light of the parties' agreement that Marino breached her fiduciary duty and caused the plaintiff at least $4 million in damages thereby, the Court granted the plaintiff's post-pretrial conference motions to dismiss and for judgment as a matter of law, entered judgment for the plaintiff in the amount of $4 million, and dismissed without prejudice the remainder of the plaintiff's claims against Marino. (Docs. 127, 128, 134).[2]

## DISCUSSION

**I. Motion to Amend/for New Trial.**

Marino invokes Rules 52(a), 52(b), 59(a)(2), 59(d) and 59(e). (Doc. 135 at 1; Doc. 138 at 1). Rule 52 does not apply because it deals only with trials, and there was no trial in this case. Rules 59(a) and (d) do not apply for the same reason. That leaves Marino with Rule 59(e), a motion to alter or amend the judgment.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.2007) (internal quotes omitted) (bracketed material in original). Moreover, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id*. (internal quotes omitted) (bracketed material in original). As discussed below, Marino can satisfy neither requirement for relief.

---

[2]*See generally* 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1527 at 263-64 (2nd ed. 1990) ("Courts generally hold stipulations, agreements, or statements of counsel made at the pretrial conference binding for purposes of trial.").

### A. Grounds for Relief.

Marino's motion is based on the proposition that plaintiff's counsel, without authorization, altered the agreed and disputed facts she submitted to him for inclusion in the joint pretrial document. (Doc.135, ¶¶ 4, 5).[3] To establish this proposition, she has submitted an affidavit from her sister, Sandra Marino, and a number of exhibits.[4] The plaintiff has responded with an affidavit from counsel and its own set of exhibits. Because the parties' evidence does not conflict on any material point, the Court need not choose between differing versions of the facts.

The Court's standing order governing final pretrial conferences requires the parties to present a joint pretrial document which, separately for each triable claim or affirmative defense, includes: "(1) a listing of its legal elements ...; (2) a statement of the agreed facts specifically related to that claim or defense; and (3) a statement of the disputed facts specifically related to the claim or defense." (Doc. 74 Attachment at 2, ¶ 4.C). The plaintiff created the first draft of the joint pretrial document and, as is common in the development of such documents, included under each claim a generous helping of agreed facts supportive of its case.[5] The cover letter accompanying this submission to Marino explicitly advised her that "[y]ou will need to do two things. First, you will need to review the 'Agreed Facts' in each part of 'Triable Claims.' You will need to tell me any facts which you dispute." (Doc. 141, Exhibit A). There can be no doubt that Marino was

---

[3]While Marino has submitted a 23-page brief, (Doc. 138), it deals exclusively with the purported merits of the case, not with the instant motions. The same may be said as to most of the attached exhibits.

[4]The affidavit, though plainly and explicitly that of Sandra, is executed not by her but by Susan. (Doc. 139 at 14). The document therefore is not an affidavit at all but only an unsworn, unsigned statement. Because the plaintiff has not moved to strike the document on those grounds, the Court considers it despite its deficiencies.

[5](Doc. 138-43, EVO 3000). The portions of this document in black are exactly as Marino received it from the plaintiff, with the portions in red inserted by Sandra. (Sandra Affidavit, ¶ 13).

on notice that the burden lay with her to specifically designate as disputed some or all of the plaintiff's agreed facts as to its claims for relief.

In her revisions to the plaintiff's draft, Sandra did not do so.[6] Indeed, she did not address the plaintiff's statement of triable claims at all. What she did submit was a lengthy statement of the case, (Doc. 138-43, EVO 3000 at 4-7), which is not a statement of disputed facts and which in any event did not remotely address the claim for breach of fiduciary duty. Her only other substantive contribution was a listing of Evoleno's "triable claims," their legal elements, and (her) agreed facts relative to them. (*Id*. at 11-20). She then inserted an essentially verbatim repetition of the defendants' answer, generally denying the complaint's allegations and listing 23 "affirmative defenses." (*Id*. at 20-28).

Counsel for the plaintiff called Sandra, who confirmed that the triable claims she listed were Evoleno's counterclaims. (Jackson Affidavit, ¶ 6).[7] Counsel informed Sandra that he would move this portion of the joint pretrial document to a point after all the plaintiff's triable claims (Sandra had inserted it between the plaintiff's first and second triable claims). He also advised that he could not agree to Sandra's statement of the case but would move it so that it would appear under the "disputed facts" for each of the plaintiff's claims. (*Id*.). Finally, he advised that he would remove the extensive

---

[6]Sandra freely acknowledges that she represented the interests of Susan in developing the joint pretrial document for filing with the Court. She also admits that she is not a lawyer. (Sandra Affidavit, ¶ 23). She thus appears to be flirting with the unauthorized practice of law. *See* Ala. Code § 34-3-6(a) ("Only such persons as are regularly licensed have authority to practice law ...."); *id*. § 34-3-6(b) ("For the purposes of this chapter, the practice of law is defined as follows: Whoever, ... [i]n a representative capacity appears as an advocate or draws papers, pleadings or documents, or performs any act in connection with proceedings pending or prospective before a court ...."); *id*. § 34-3-7 (unauthorized practice of law is a misdemeanor).

[7]This would be clear even absent Sandra's concession, since they are listed by her as "Defendant: :II. Triable Claims," and since they are the same causes of action asserted in Evoleno's counterclaim. (Doc. 65 at 25-31).

repetition of the answer.  (*Id*.).  Sandra agreed to these changes.  (*Id*.).  The parties then focused their attention on developing a statement of the case to which both could agree, resulting in the version made part of the joint pretrial document.  (*Id*., ¶¶ 9-13; Sandra Affidavit, ¶¶ 15-17).

It is plain from this review that plaintiff's counsel did not alter any submission of admitted or disputed facts concerning the plaintiff's claims for relief, because Sandra provided none.  What he did do, properly and with Sandra's consent, was to move her statement concerning Evoleno's counterclaims to the proper place in the document, to delete her regurgitation of the answer, and to supply her with some disputed facts (transplanted from her statement of the case) which she had herself failed to provide.

Sandra asserts that counsel "moved her answers of 'disagree' into the 'agreed' [sic]," (Sandra Affidavit, ¶ 21), but the comparison between the original draft and the finished product which she says reveals this conduct plainly does not do so, for the simple reason that she did not provide any disputed facts as to the plaintiff's claims.  To the extent she is suggesting that counsel had an affirmative duty to develop for her a list of disputed facts based on the contentiousness of her statement of the case, she identifies no authority for such a duty, and the Court is aware of none.[8]  To the extent Sandra is suggesting that counsel inappropriately moved some of her proposed agreed facts as to Evoleno's counterclaims into the disputed category, his conduct was precisely that in which litigants are expected to engage when developing a joint pretrial document.  It is precisely the conduct in which Sandra should have engaged had she any intention of disputing the plaintiff's agreed facts relative to its claim of breach of fiduciary duty, and it is precisely what counsel advised her to do.[9]

---

[8]In any event, counsel did in fact move the entirety of Sandra's initial statement of the case to disputed facts, but they fail to address breach of fiduciary duty.

[9]The only document in which Sandra used the word "disagree" was a version of the plaintiff's initial statement of the case, removed from the proposed joint pretrial

In summary, Marino's claim that counsel improperly altered the agreed and disputed facts she submitted for inclusion in the joint pretrial document is unsupported by, and affirmatively refuted by, the evidence. Assuming without deciding that such conduct would reflect or support a finding of manifest error for purposes of Rule 59(e), no such conduct occurred and no relief is available.

### B. Timing of Request.

Marino cannot successfully invoke Rule 59(e) to "raise argument ... that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343; *accord Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir.1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but was not pressed."). The plaintiff's motion for judgment as a matter of law was filed on October 10. (Doc. 124). Marino had until October 17 to file any opposition, (Doc. 121 at 3-4, ¶ D.6), but she neither filed a response nor sought leave to do so before the Court granted the motion and entered judgment on October 23. (Docs. 127-28). Because everything Marino has placed before the Court on the instant motion was in her possession from at least September 30, when the joint pretrial document was filed, the argument she now makes is one she could have, and should have, made prior to entry of judgment. Accordingly, it is not a fit subject for relief under Rule 59(e).

---

document sent by counsel to Marino and placed in a separate document, with its formatting altered and the single word "DISAGREE" added in red at the top. (Doc. 138-44, EVO 3060). Counsel denies ever receiving such a document, (Jackson Affidavit, ¶ 15), and Sandra nowhere swears that he did. Nor does she rely on this document in support of her theory that counsel moved disagreed material into the agreed category. (Sandra Affidavit, ¶ 21). At any rate, disagreeing generally with the opponent's statement of the case in the introduction to the joint pretrial document is no substitute for identifying, as disputed, specific agreed facts proposed by the opponent in support of a particular claim for relief. Any other rule would require one litigant to develop its opponent's disputed facts on behalf of the opponent, and to do so with no guidance as to what truly is, and is not, disputed.

**II. Motion for Sanctions.**

The motion for sanctions depends on a favorable resolution of the previous motion. Because that motion fails, this one does as well.[10]

## CONCLUSION

For the reasons set forth above, Marino's motion to amend findings and conclusions and/or to amend judgment and/or for new trial, and motion for sanctions, are **denied**.

DONE and ORDERED this 1st day of December, 2008.

          s/ WILLIAM H. STEELE
          UNITED STATES DISTRICT JUDGE

---

[10] The only individuals associated with improper behavior in this case are Susan and Sandra Marino. As noted, Sandra has purported to represent Susan in this litigation without a license to practice law. Sandra even attended the pretrial conference but left the room at Susan's request when her extreme and unprofessional agitation became too much even for her sister to bear. The Marinos also continued to purport to represent Evoleno despite receiving multiple orders from the Court detailing their legal inability to do so. Their distortions of events at the pretrial conference, (Sandra Affidavit, ¶ 19), while perhaps reflecting their unfamiliarity with legal procedures, likewise fall below the level of civility and professionalism demanded of federal litigants.