# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN RESOURCES INSURANCE** ) | |
| **COMPANY, INC.,**                 ) | |
|                                    ) | |
|       **Plaintiff,**               ) | |
|                                    ) | |
| **v.**                             ) | **CIVIL ACTION 07-0035-WS-M** |
|                                    ) | |
| **THE EVOLENO COMPANY, LLC, et al.,**) | |
|                                    ) | |
|       **Defendants.**              ) | |

## ORDER

This matter is before the Court on the motion of defendant Susan Marino to vacate judgment. (Doc. 148). The motion is filed pursuant to Federal Rule of Civil Procedure 60(b)(1), (3), and (6). (*Id.* at 1 n.1). Marino advances a number of reasons for granting her relief from the judgment entered against her: (1) violation of her rights under Rule 16(c)(2); (2) a resulting violation of her due process rights; (3) the complaint's failure to state a claim on which relief can be granted (due to the existence of insurance in favor of the plaintiff); (4) the plaintiff's failure to join certain parties pursuant to Rule 19(a); (5) failure to allege fraud with particularity pursuant to Rule 9(b); and (6) applicability of the statute of limitations with respect to the plaintiff's claim for fraud. (*Id.* at 2-5).

Each of these grounds is meritless for reasons too numerous to fully address herein. By way of example only, the conduct of the pretrial proceedings did not violate Rule 16(c)(2) or due process, and the predicament in which Marino finds herself is directly and exclusively the result of her own inability or unwillingness to comply with rules universally applicable to civil litigants in this Court, as related in previous orders. The mere existence of an insurance policy scarcely prevents an injured party from recovering from a tortfeasor, and Marino offers nothing particular to the policy or the facts that could do so. The two parties Marino would join are joint tortfeasors with her,

and "joint tortfeasors need not all be joined in one lawsuit." *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).  The only claim as to which judgment was entered against Marino was for breach of fiduciary duty, not fraud, so no pleading deficiency or limitations defense, if it existed, could be material.

At any rate, Marino cannot successfully invoke Rule 60(b).  Rule 60(b)(3) applies to instances of fraud, but Marino's only mention of fraud is in connection with the complaint's allegations of underlying fraud by the defendants, not in connection with any fraud by the plaintiff in the prosecution of the lawsuit.  Rule 60(b)(3) also deals with misconduct by an opposing party, but the motion to vacate alleges none, and Marino's previous Rule 59(e) allegation of attorney misconduct, (Doc. 135), has been found to be groundless.  (Doc. 147).

Rule 60(b)(1) allows relief based on "mistake, inadvertence, surprise, or excusable neglect."  Marino does not identify any mistake, inadvertence, surprise or excusable neglect, but she has previously cited her ignorance of procedural rules governing pretrial conferences and preparation therefor.  However, in the context of a Rule 60(b)(1) motion, "a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules."  *Olmstead v. Humana, Inc*., 154 Fed. Appx. 800, 806-07 (11th Cir. 2005).  This is consistent with the rule that "an attorney's negligent failure to respond to a motion does not constitute excusable neglect ...."  *Solaroll Shade and Shutter Corp. v. Bio-Energy Systems, Inc*., 803 F.2d 1130, 1132 (11th Cir. 1986).  To the extent Marino suggests that the Court committed legal error in entering judgment based on her admissions in the joint pretrial document, Rule 60(b)(1) can be used to correct errors of law, but "[t]he orderly process of an appeal usually is far more appropriate to deal with such errors."  *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977).  At any rate, and for reasons adequately explained in previous orders, the Court committed no such error.[1]

---

[1]To the extent Marino suggests the Court erred in not enforcing the particularity requirement of Rule 9(b), (Doc. 148 at 3), she failed to file any motion seeking such

As for Rule 60(b)(6), "relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Cavaliere v. Allstate Insurance Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (internal quotes omitted); *accord Todd v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (Rule 60(b)(6) "is intended only for extraordinary circumstances") (internal quotes omitted).  In particular, "[f]ailing to raise all available theories below ... does not justify relief under Rule 60(b)(6)." *Provident Savings Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995).  Marino invokes Rule 60(b)(6) only with respect to her Rule 19(a) argument, (Doc. 148 at 3, ¶ 4), but both it and every other ground she asserts were available and could have been asserted previously.

The first two grounds have been available since October 10, 2008, when the plaintiff moved for judgment as a matter of law based on Marino's admissions in the joint pretrial document.  As detailed in previous orders, Marino declined to respond to the plaintiff's motion.  Instead, after the motion was granted and judgment entered, Marino filed a motion to alter or amend judgment under Rule 59(e), based on the allegation (false, as it turned out) that plaintiff's counsel had without authorization altered her statement of agreed and disputed facts.  Marino has thus ignored two opportunities to assert the grounds she now presents, and Rule 60(b)(6) does not permit her to proceed under those circumstances.  The remaining grounds have been available since approximately the inception of the lawsuit in November 2006 and likewise will not support relief under Rule 60(b)(6).

For the reasons set forth above, the motion to vacate judgment is **denied.**

DONE and ORDERED this 10th day of December, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

enforcement, and the Court had no obligation to address the issue sua sponte.  At any rate, since the judgment entered against her was not based on any claim for fraud, any error would have been immaterial.